**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

|  |  |
|---|---|
| EZEQUIEL ARIAS<br>3619 E Lombard Street<br>Baltimore, MD 21224 (Baltimore City)<br><br>               Plaintiff,<br><br>    v.<br><br>E.L. TRANSPORT LLC<br>22209 Burton Road<br>Milton, DE 19968<br><br><u>Serve on Registered Agent:</u><br>Harvard Business Services, Inc.<br>16192 Coastal Highway<br>Lewes, DE 19958<br><br>MELVIN SANCHEZ REINA<br>22209 Burton Road<br>Milton, DE 19968<br><br>             Defendants. | Case No. 1:26-cv-01759<br><br><u>**JURY TRIAL DEMANDED**</u> |

**<u>COMPLAINT</u>**

Plaintiff Ezequiel Arias, by his undersigned counsel, sues Defendants E.L. Transport, LLC and Melvin Sanchez Reina and states as follows:

**THE PARTIES**

1.  Plaintiff Ezequiel Arias is a citizen of the State of Maryland, domiciled at 3619 E. Lombard Street, Baltimore, Maryland 21224.

2.  Defendant E.L. Transport, LLC is a Delaware limited liability company with its principal place of business in Milton, Delaware. Upon information and belief, its sole member is

Melvin Sanchez Reina, who is a citizen of the State of Delaware. Defendant E.L. Transport, LLC is therefore a citizen of the State of Delaware for purposes of 28 U.S.C. § 1332.

3.     Defendant Melvin Sanchez Reina is a citizen of the State of Delaware, domiciled at 22209 Burton Road, Milton, Delaware 19968.

## JURISDICTION AND VENUE

1.     This Court has personal jurisdiction over Defendant E.L. Transport, LLC pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3) because, through the acts and omissions of its agent and employee committed within the scope of his employment, it caused tortious injury in the State of Maryland by an act or omission within the State.

2.     In the alternative, this Court has personal jurisdiction over Defendant E.L. Transport, LLC pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4) because it caused tortious injury in the State of Maryland by an act or omission outside the State, and Defendant E.L. Transport, LLC regularly does or solicits business, engages in a persistent course of conduct, or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State.

3.     This Court has personal jurisdiction over Defendant Sanchez Reina under Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3) because he caused a tortious injury in the State of Maryland by an act and/or omission within the State.

4.     The exercise of personal jurisdiction by this Court over Defendants does not offend traditional notions of fair play and substantial justice.

5.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Maryland; Defendant Sanchez Reina is a citizen of Delaware; and Defendant E.L. Transport, LLC is a citizen of Delaware by virtue of the citizenship of its

2

sole member. Complete diversity therefore exists between Plaintiff and all Defendants. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims — including the collision itself — occurred in Queen Anne's County, Maryland, which lies within this judicial district. Venue is proper in the Northern Division pursuant to Local Rule 501.

<u>**COUNT I**</u>
(Negligence - All Defendants)

7.      On February 11, 2025, at about 8:27 p.m., Plaintiff Arias was traveling westbound on US Route 50 in the area of Arrington Road in Queen Anne's County, Maryland.

8.      Route 50 is a divided highway with two lanes in each direction of travel in that immediate area.

9.      As Plaintiff Arias continued westbound, the tractor-trailer in front of him suddenly jackknifed across all lanes of traffic forcing Plaintiff to slam into the side of the trailer in a partial underride collision.

10.     The tractor-trailer was driven by Defendant Sanchez Reina and was owned by Defendant E.L. Transport, LLC.

11.     Defendant Sanchez Reina owed Plaintiff Arias a duty to travel at a reasonable and prudent speed based on conditions, to reduce his speed as necessary to avoid a collision, to maintain his lane of travel, to pay full time and attention to operating his tractor-trailer, to properly brake and steer to maintain control of his vehicle and prevent jackknifing, to keep a proper lookout, to operate his vehicle using common sense, and to otherwise operate his vehicle in a safe and lawful manner so as to avoid injuring Plaintiff Arias and others on the roadway.

12.     Defendant Sanchez Reina breached his duty to Plaintiff Arias by failing to travel at a reasonable and prudent speed based on conditions, failing to reduce his speed as necessary to avoid a collision, failing to maintain his lane of travel, failing to pay full time and attention to operating his tractor-trailer, failing to properly brake and steer to maintain control of his vehicle, thereby causing it to jackknife across all lanes of traffic, failing to keep a proper lookout, failing to operate his vehicle using common sense, and by failing to otherwise operate his vehicle in a safe and lawful manner so as to avoid injuring Plaintiff Arias.

13.     At all times relevant, Defendant Sanchez Reina was a "driver" as that term is defined in 49 C.F.R. § 390.5, operating a "commercial motor vehicle" as that term is defined in 49 C.F.R. § 390.5, in interstate commerce.

14.     As a motor carrier and a commercial driver operating in interstate commerce, Defendants were subject to and required to comply with the Federal Motor Carrier Safety Regulations ("FMCSR") set forth at 49 C.F.R. Parts 350–399, which Maryland has further adopted by reference, in relevant part, through Title 11, Subtitle 21 of the Code of Maryland Regulations.

15.     The FMCSR were promulgated by the Federal Motor Carrier Safety Administration for the express purpose of reducing crashes, injuries, and fatalities involving commercial motor vehicles, and ensuring that commercial motor vehicles are operated safely on public highways.

16.     Plaintiff Arias, as a member of the motoring public lawfully traveling on a public highway in the immediate vicinity of a commercial motor vehicle, is precisely the class of person that the FMCSR were designed to protect.

17.    Defendant Sanchez Reina violated various provisions of the FMCSR, each of which constitutes evidence of negligence under Maryland law, including but not limited to by failing to use appropriate caution in the operation of his commercial motor vehicle and by failing to reduce his speed when the hazardous conditions then prevailing adversely affected visibility and traction. Further and upon information and belief, Defendant Sanchez Reina also violated the FMCSR by failing to perform the required pre-trip inspection of its service brakes, trailer brake connections, brake-system warning devices, steering mechanism, lighting devices, tires, horn, windshield wipers, rear-vision mirrors, and coupling devices.

18.    Defendant E.L. Transport, LLC independently violated multiple provisions of the FMCSR, each of which likewise constitutes evidence of negligence under Maryland law, including but not limited to by permitting Defendant Sanchez Reina to drive a commercial motor vehicle when he was not qualified to do so under the standards established by the FMCSR. Further, upon information and belief, Defendant E.L. Transport, LLC also violated the FMCSR by failing to obtain and maintain a complete and current driver qualification file for Defendant Sanchez Reina, including the required application for employment, prior employer investigations, motor vehicle records, annual reviews of driving record, and a valid Medical Examiner's Certificate.

19.    As a direct, sole and proximate result of the above-referenced carelessness and negligence of Defendants Sanchez Reina and E.L. Transport, LLC, Plaintiff Arias:

    a.   suffered serious bodily injuries;

    b.   suffered great physical pain, suffering, and mental anguish;

    c.   will continue to suffer physical pain and mental anguish in the future;

    d.   incurred medical and other related expenses;

e.  will continue to incur medical and other related expenses in the future;

f.  lost time from work;

g.  will continue to lose time from work in the future; and

h.  suffered other damages.

20.     All such injuries were caused solely by the negligence of Defendants Sanchez Reina and E.L. Transport, LLC without any negligence by the Plaintiff contributing thereto.

21.     At all relevant times, Defendant Sanchez Reina was an employee, agent, and/or servant of Defendant E.L. Transport, LLC.

22.     At the time of the collision, Defendant Sanchez Reina was operating the tractor-trailer within the scope of his employment and/or agency with Defendant E.L. Transport, LLC, and in furtherance of its interests.

23.     Therefore, Defendant E.L. Transport, LLC is vicariously liable for the negligence of Defendant Sanchez Reina under the doctrine of *respondeat superior*.

## COUNT II
(Negligent Entrustment/Hiring/Supervision/Retention -
Defendant E.L. Transport, LLC)

24.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25.     At all relevant times, Defendant E.L. Transport, LLC was a "motor carrier" engaged in "interstate commerce" as those terms are defined in 49 C.F.R. § 390.5,

26.     As a motor carrier engaging drivers to operate commercial motor vehicles in interstate commerce, Defendant E.L. Transport, LLC owed a duty to Plaintiff and to other members of the motoring public to exercise reasonable care in the hiring, qualification, training, supervision, and retention of its drivers.

27.     Defendant E.L. Transport, LLC further owed a duty to entrust commercial motor vehicles only to drivers it knew or reasonably should have known were qualified, medically fit, competent, and adequately trained to operate them safely.

28.     These duties arise under the common law of Maryland and are reinforced by the FMCSR.

29.     Upon information and belief, Defendant Sanchez Reina is the sole member, manager, and employee of Defendant E.L. Transport, LLC.

30.     The knowledge of Defendant Sanchez Reina concerning his own driver qualifications, medical fitness, training, hours-of-service compliance, and the mechanical condition of the tractor-trailer is therefore imputed to Defendant E.L. Transport, LLC.

31.     Before the February 11, 2025 collision, Defendant E.L. Transport, LLC knew or, in the exercise of reasonable care, should have known that Defendant Sanchez Reina was not qualified, medically fit, or competent to safely operate a commercial motor vehicle.

32.     On July 15, 2024, less than seven months before the collision, a Maryland roadside inspection resulted in Defendant Sanchez Reina being cited for operating with an expired Medical Examiner's Certificate.

33.     The expired Medical Examiner's Certificate established that Defendant Sanchez Reina was not medically qualified to operate a commercial motor vehicle and that Defendant E.L. Transport, LLC had failed to verify and maintain his medical fitness.

34.     Defendant Sanchez Reina was also cited for a traffic-law violation and cited for multiple brake-system defects, including out-of-service violations.

35.    These prior violations demonstrate both Defendant Sanchez Reina's history of regulatory non-compliance and Defendant E.L. Transport, LLC's failure to maintain its equipment in safe operating condition.

36.    Upon information and belief, Defendant E.L. Transport, LLC failed to provide Defendant Sanchez Reina with appropriate driver training, training in the safe operation of commercial motor vehicles in adverse weather, snow, or ice, training in jackknife or skid prevention, or any meaningful FMCSR-related training.

37.    Upon information and belief, Defendant E.L. Transport, LLC also failed to participate in a multi-employer random drug and alcohol testing consortium as required with respect to a single-driver pool, thereby allowing Defendant Sanchez Reina to operate commercial motor vehicles without the random testing oversight required by federal law.

38.    Despite its actual and/or constructive knowledge of the foregoing, Defendant E.L. Transport, LLC negligently and carelessly:

   a.   hired and engaged Defendant Sanchez Reina to operate commercial motor vehicles when it knew or should have known he was not qualified to do so;

   b.   retained him as its driver after his unfitness, including his expired medical certification and his documented history of regulatory violations, became known or knowable;

   c.   failed to provide him with adequate or any training in the safe operation of commercial motor vehicles, particularly in adverse weather and on snow- and ice-covered roadways;

   d.   failed to supervise his compliance with the FMCSR, including hours-of-service limitations, pre-trip inspections, and safe-driving requirements;

e.  failed to monitor or audit his electronic logging device records, driving behavior, or roadside inspection reports;

f.  failed to maintain the tractor-trailer in safe operating condition and failed to repair documented brake-system deficiencies; and

g.  entrusted the tractor-trailer to him on February 11, 2025 in active snowfall, on a snow-covered roadway, and in darkness, when it knew or should have known that he was unqualified, untrained, and unfit to operate it under those conditions.

39.    As a direct and proximate result of the negligent hiring, training, supervision, and retention of Defendant Sanchez Reina by Defendant E.L. Transport, LLC, Plaintiff suffered serious bodily injuries and other damages.

40.    All such injuries and damages were caused by the negligence of Defendant E.L. Transport, LLC without any negligence by Plaintiff contributing thereto.

WHEREFORE, the Plaintiff, Ezequiel Arias, demands compensatory damages from Defendants Sanchez Reina and E.L. Transport, LLC, jointly and severally, in an amount in excess of seventy-five thousand dollars (>$75,000), plus interest from the date of the loss, the costs of this action, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STRAVITZ LAW FIRM, P.C.

By:   /s/Eric N. Stravitz
Eric N. Stravitz (Bar No. 23610)
4601 Presidents Drive, Suite 120
Lanham, MD 20706
O: (240) 467-5741
F:  (240) 467-5743
E:  eric@stravitzlawfirm.com
*Counsel for Plaintiff Arias*

## DEMAND FOR JURY TRIAL

Plaintiff Ezequiel Arias, by counsel, hereby demands a jury trial in this case.

By:   /s/Eric N. Stravitz
Eric N. Stravitz (Bar No. 23610)